1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEBRA GARCIA,                          Case No.  1:21-cv-00630-HBK

12               Plaintiff,                 OPINION AND ORDER TO REMAND CASE
                                            TO COMMISSIONER[1]
13        v.
                                            (Doc. No.  18)
14   KILOLO KIJAKAZI, ACTING
     COMMISSIONER OF SOCIAL
15   SECURITY,

16               Defendant.

17

18        Plaintiff Debra Garcia ("Plaintiff") seeks judicial review of a final decision of the

19   Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for

20   disability insurance benefits under the Social Security Act.  (Doc. No. 1).  The matter is currently

21   before the Court on the parties' briefs, which were submitted without oral argument.  (Doc. Nos.

22   18, 21, 22).  For the reasons stated, the Court orders this matter REMANDED for further

23   administrative proceedings.

24                         I.        JURISDICTION

25        Plaintiff protectively filed for disability insurance benefits on July 17, 2018, alleging a

26

27   _____
     [1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C.
28   §636(c)(1).  (Doc. No. 13).

disability onset date of February 15, 2016.  (Doc. No. 14-2 ("AR") at 149-150).  Benefits were denied initially (AR 78-81) and upon reconsideration (AR 89-93).  A hearing before an administrative law judge ("ALJ") was held on August 17, 2020.  (AR 27-47).  Plaintiff testified at the hearing and was represented by counsel.  (*Id.*).  The ALJ denied benefits (AR 9-22) and the Appeals Council denied review (AR 1-6).  The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## II.     BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 53 years old at the time of the hearing.  (AR 29, 34).  Plaintiff lives with her youngest daughter and her grandkids.  (AR 37).  She has no relevant work history.  (AR 33-34).  She testified to working only part-time and never being able to hold down a job for longer than a few weeks because she has difficulty understanding instructions.  (AR 35).  She complained of experiencing  "a lot of anxiety" and "a lot of paranoia."  (AR. 35).  At the time of the hearing, she reported no physical ailments that would keep her from driving but testified that she sees "people who aren't there," most recently just four days prior to the hearing, but it happens two to three times a month.  (AR 36, 41).

## III.     STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012); *see also Smith v. Kijakazi*, 14 F. 4th 1108, 1111 (9th Cir. 2021).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) (quotation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Hill*, 698 F.3d 1159 (quotation and citation omitted).  In determining whether the standard has

been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.    FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20

1    C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or

2    combination of impairments which significantly limits [his or her] physical or mental ability to do

3    basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).

4    If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner

5    must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

6    At step three, the Commissioner compares the claimant's impairment to severe impairments

7    recognized by the Commissioner to be so severe as to preclude a person from engaging in

8    substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the

9    impairment is as severe or more severe than one of the enumerated impairments, the

10    Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d),

11    416.920(d).

12        If the severity of the claimant's impairment does not meet or exceed the severity of the

13    enumerated impairments, the Commissioner must pause to assess the claimant's "residual

14    functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's

15    ability to perform physical and mental work activities on a sustained basis despite his or her

16    limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth

17    steps of the analysis.

18        At step four, the Commissioner considers whether, in view of the claimant's RFC, the

19    claimant is capable of performing work that he or she has performed in the past (past relevant

20    work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of

21    performing past relevant work, the Commissioner must find that the claimant is not disabled.  20

22    C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the

23    analysis proceeds to step five.

24        At step five, the Commissioner considers whether, in view of the claimant's RFC, the

25    claimant is capable of performing other work in the national economy.  20 C.F.R. §§

26    404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also

27    consider vocational factors such as the claimant's age, education, and past work experience.  20

28    C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other

1    work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

2    404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis

3    concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20

4    C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

5          The claimant bears the burden of proof at steps one through four.  *Tackett v. Apfel*, 180

6    F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the

7    Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such

8    work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2),

9    416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

10                              **V.    ALJ'S FINDINGS**

11         At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity

12   since February 15, 2016, the alleged onset date.  (AR 15).  At step two, the ALJ found Plaintiff

13   had the following severe impairments: schizophreniform disorder, affective disorder, and anxiety

14   disorder.  (AR 15).  At step three, the ALJ found that Plaintiff did not have an impairment or

15   combination of impairments that met or medically equaled the severity of a listed impairment.

16   (AR 15).  The ALJ then found that through the date last insured Plaintiff had the RFC

17            to perform a full range of work at all exertional levels but with the
18            following non-exertional limitations: the claimant can understand,
             remember, carry out, and maintain attention and concentration on no
             more than simple tasks and instructions, defined specifically as those
19            job duties that can be learned in up to 30 days' time.  She can sustain
20            only ordinary routines and make no more than simple, work-related
             decisions.  She can tolerate no more than occasional interaction with
21            coworkers and supervisors, cannot perform team or tandem work,
             and can have no interaction with the general public.

22   (AR 17).  At step four, the ALJ found no past relevant work.  (AR 21).  At step five, the ALJ

23   found that through the date last insured, considering Plaintiff's age, education, work experience,

24   and RFC, there were jobs that existed in significant numbers in the national economy that

25   Plaintiff could perform, including: routing clerk, stuffer, and fruit distributor.  (AR 22).  On that

26   basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security

27   Act from February 15, 2016 through the date of the decision.  (AR 22).

28   ////

                                           5

# VI.    ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act.  (Doc. No. 1).  In pertinent part, Plaintiff argues that the ALJ improperly rejected her symptomology testimony without identifying what portions of Plaintiff's testimony the ALJ found not credible with specific references to the record to support the finding.  (*See generally* Doc. No. 18 at 4-12).

# VII.    DISCUSSION

Here, Plaintiff contends the ALJ improperly rejected her testimony and failed to offer specific, clear and convincing reasons supported by substantial evidence of record.  (*See* Doc. No. 18 at 4-17).  Defendant contends that the ALJ provided clear and convincing reasons to reject Plaintiff's symptom claims; namely, that the ALJ properly compared Plaintiff's symptom claims to the objective medical evidence, responsiveness to treatment, and daily activities, before concluding she was not disabled.  (Doc. No. 21 at 8-14).  Defendant contends Plaintiff references only five citations to the record and in so doing "ignores the preponderance of evidence identified by the ALJ."  (*Id.* at 11).  For the reasons that follow, the Court concludes the ALJ failed to offer specific, clear and convincing reasons supported by substantial evidence of record to discredit Plaintiff's r testimony.

**A. Symptom Claims**

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotation marks omitted).  "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ]

gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for several reasons explained in this decision." (AR 17).  The ALJ then went on to summarize Plaintiff's treatment records, including objective testing and clinical findings, and generally conclude that these records support a finding that Plaintiff has not been as limited as alleged.  (AR 18).   In support, the ALJ determined the records showed "no more than moderate" symptoms and "that treatment—including counseling and medication—have improved her symptoms."  (AR 19).  The ALJ further pointed to Plaintiff's daily activities and capacity to care for herself to support her ability to have full-time employment.  (AR 19).

Upon review of the record, the  Court finds the ALJ's statement concerning the records depicting only moderate symptoms and improvement with counseling and medication are contradicted by the record.  Admittedly, the Ninth Circuit does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).  However, "providing a summary of medical evidence … is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Id*. at 1278 (citing *Brown-*

1   *Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (emphasis in original).

2          A favorable response to treatment can undermine a claimant's complaints of debilitating

3   pain or other severe limitations.  *See Tommasetti*, 533 F.3d at 1040; *Warre v. Comm'r of Soc. Sec.*

4   *Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (Conditions effectively controlled with medication

5   are not disabling for purposes of determining eligibility for benefits).  In support of the ALJ's

6   findings, Defendant cites to portions of the ALJ's summary of the medical evidence that includes

7   periodic reports of improvement with medication, and Plaintiff self-reports to treating physicians

8   that she is "doing better.".  (Doc. No. 21 at 11 (citing AR 489).  However, the same medical

9   records also include evidence that in December 2017 Plaintiff reported hearing voices daily and

10  throughout 2018, while on medication, she still heard voices four times a week.  (1F at 319, 335,

11  337).  Medical records dated December 2017 reflect a diagnosis of

12
13
14
15
16
> Biopolar Disorder with symptoms of mania and psychotic features, with s/x's including abnormally an persistent elevated/expansive/irritable mood, inflated self-esteem, decreased need for sleep, unusually talkative/pressured speech, reaching thoughts, distractibility, increase in goal-redirected activity, poor impulse control, paranoia, AH/VH, delusional beliefs, and risky behaviors resulting significant impairment to function in all important areas of life including her ability to manage her mental health sx's and physical health.

17  (1F at 329).  And another medical record on which Plaintiff reported she was "doing okay," also

18  included conflicting reports that she was "DAILY experiencing excessive worry/anxiety,

19  avoidance of certain situations, restlessness/feeling on edge, recurrent/persistent thoughts fear of

20  losing control, muscle tension, and irritability."  (10F at 473)(capitalization in original).  What

21  remains consistent throughout the medical records is Plaintiff's schizophrenic/bipolar diagnosis

22  and related symptoms including hallucinations, intense anxiety, paranoia, depression, inability to

23  sleep, and inability to concentrate.  (1F at 335, 329; 4F at 387; 6F at 428, 455; 10F at 470-473,

24  476, 11F at 529, 535, 541, 557-558; 12F at 558, 572).  While the ALJ correctly noted Plaintiff

25  "does feel better" on medication, the medical records consistently reflect she sees imaginary

26  people and hears voices four times a week, and at the time of the hearing at least once a week.

27  (1F 319, 335, 337, 455).  Other medical records noting that Plaintiff "feels better with

28  medication," also note:

> Clt . . . reports hx of MH sx's starting in 2004.  Clt reports sx's of mood swings of mania (elevated/expansive/irritable mood, inflated self-esteem, decreased need for sleep, unusually talkative/pressured speech, racing thoughts, distractibility, increase in goal-redirected activity, poor impulse control, and risky behaviors) and depression (depressed mood daily, reduced interest in pleasurable activities, hypersomnia, fatigue/lethargy, isolating, feelings of worthlessness/hopelessness, low self esteem, difficulty concentrating and indecisiveness), difficulty concentrating, AH/VH paranoia, and anxiety. Clt presented as irritable, guarded, and defensive. Clt does not believe she has a mental illness; however states she recognizes that with psych medication she does feel better.

(6F at 455).

It is well settled in the Ninth Circuit that "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.  Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 795 F.3d at 1017. Moreover, as noted above, "[t]o ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by the evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (noting the ALJ did not specifically identify any inconsistencies between the claimant's testimony and the record; rather, "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination."). Here, the ALJ did not detail which statements from Plaintiff he finds not credible but instead generally noted Plaintiff's statements are not consistent with the record and she "has not been as limited as alleged." (*See* AR 17-18).  And, in short, the finding that Plaintiff improved with therapy and medication mischaracterizes the record.

The Court notes that after considering the medical opinion evidence, the ALJ returns to Plaintiff's symptom claims, and offers the following conclusory findings:

> As discussed above, the claimant has reported no more than moderate mental impairment symptoms and has reported improvement with treatment.  As discussed above, *the claimant had a gap in mental health treatment for about eight months and there is no evidence that*

*her functioning or symptoms worsened during that period*.

(AR 21)(emphasis added).   Relying on an 8-month gap in mental health treatment is inappropriate here considering Plaintiff's medical records show that lack of mental health treatment is part of the Plaintiff's mental health condition.  *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294-1299-1300 (9th Cir. 1999)(noting it is inappropriate to chastise claimants with mental health conditions for exercising poor judgment in seeking mental health treatment); *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)(same).  Consequently, rejecting Plaintiff's symptom claims because she was either responsive to treatment or had a gap in treatment are not clear and convincing reasons, supported by substantial evidence, for the ALJ to reject Plaintiff's symptom claims.

Second, Defendant argues the ALJ properly "compared Plaintiff's allegations to her daily activities." (Doc. No. 21 at 12-13).  The ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment."  *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012)(internal citations omitted), *superseded on other grounds by* 20 C.F.R. § 416.920(a).

In support of the ALJ's findings, Defendant notes Plaintiff "reported being able to perform daily activities and care for herself, maintain appropriate grooming and hygiene, perform household chores, have some difficulty in stores but nevertheless being able to leave her home daily, spend time with her family, read for relaxation, walk around her neighborhood, exercise, and use unspecified hobbies to reduce her anxiety, as well as desiring to attend school and otherwise occupy herself while her grandchildren were in school.  (Doc. No. 21 at 12-13 (citing AR 16, 18-19; 379-81, 477, 562, 572, 609, 325, 440)).  However, the Court's review of the same

records also indicates that while Plaintiff temporarily attended group therapy at an adult day center, she struggled with leaving the house due to the paranoia and other symptoms she experienced related to her mental health condition and at times reported not leaving home. (*See* 4F at 387).  Indeed, Plaintiff testified that she does not like to go out anywhere, does not like to drive, only leaves the house three times a month, and does not believe she could work as a cleaning person on a night shift due to her paranoia and anxiety.  (AR 37-41).  Finally, as above, the ALJ did not identify the specific testimony that he found not to be credible, nor did he offer explanations for why the cited evidence of Plaintiff's ability to perform basic activities of daily living undermines Plaintiff's symptom claims, particularly as to her continued hallucinations, paranoia, and anxiety.  *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (when considering plaintiff's symptom claims, the ALJ must specifically identify the statements he finds not to be credible, and the evidence that allegedly undermines those statements); *Brown-Hunter*, 806 F.3d at 494.

The Court concludes that the ALJ did not provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims.  On remand, the ALJ must reconsider Plaintiff's symptom claims.

**B.  Remedy**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence

1    were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96

2    (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

3           The Court finds that further administrative proceedings are appropriate.  *See Treichler v.

4    Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not

5    appropriate when further administrative proceedings would serve a useful purpose).  Here, the

6    ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the

7    assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by

8    substantial evidence.  "Where," as here, "there is conflicting evidence, and not all essential

9    factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*,

10   775 F.3d at 1101.

11          Consequently, the Court remands this case for further proceedings.  On remand, the ALJ

12   should reevaluate Plaintiff's symptom claims.  The ALJ should conduct a new sequential

13   analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational

14   expert which includes all of the limitations credited by the ALJ.

15          Accordingly, it is **ORDERED**:

16          1.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Court REVERSES the

17   Commissioner's decision and REMANDS this case back to the Commissioner of Social Security

18   for further proceedings consistent with this Order.

19          2.  An application for attorney fees may be filed by separate motion.

20          3.  The Clerk shall terminate any motions and deadlines and close this case.

21

22   Dated:    July 21, 2022

23                                              HELENA M. BARCH-KUCHTA
                                               UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28